# PRACTICE REPORTS.

## SUPREME COURT.

### JOSEPH CLADY agt. DORCAS A. WOOD.

*Arrest — Answer — Time to answer after arrest — Code of Civil Procedure, section 566.*

Where an order of arrest is procured and executed more than twenty days after the service of the summons and complaint, the defendant has, by section 566 of the Code of Civil Procedure, twenty days after such arrest to serve an answer.

*Albany Special Term, August,* 1883.

MOTION to vacate a judgment.

*A. C. Griswold,* for defendant and motion.

*Townsend & Townsend,* for plaintiff and opposed.

WESTBROOK, *J.* — The summons and complaint in the action were served on the defendant May 9, 1883. The complaint was for the conversion of personal property, and the defendant, who is a female, did not appear in the action nor answer the complaint in twenty days after its service.

On June 4, 1883, the plaintiff, upon facts not set out in the complaint, obtained an order of arrest upon which the defendant was arrested on July 14, 1883, and held to bail. On July 26, 1883, twelve days after the order of arrest was executed, the defendant appeared in the action, serving on that day, by an attorney and by mail, a notice of appearance and an answer. These were both returned two days after their service upon the grounds that they were not served within twenty days after the service of the summons and complaint, and that the court had made an order for judgment in the action. On August 1, 1883, the plaintiff entered judgment in the action

without notice to the defendant's attorney, which judgment the defendant moves to vacate as irregular, because, as her attorney contends, she had, by section 566 of the Code, twenty days after the arrest in which to answer.

The section of the Code referred to is as follows : " Except when an order of arrest can be granted only by the court a defendant *arrested before answer* has twenty days after the arrest in which to answer the complaint, and judgment must be stayed accordingly."

The counsel for the plaintiff insists, that because section 421 of the Code requires a notice of appearance, or an answer to be served within twenty days after the service of the summons and complaint, that the clause of section 566, which reads, "arrested before answer," should be construed as if it read, "arrested before the time to answer has expired." There are two objections to this view, and they are these : ·

*First.* It would insert words in the section which are not there. The words " before answer " are not of doubtful import, and they must be held to be, when read in connection with those which immediately follow, and which give twenty days to answer " after the arrest," and a stay of judgment for that prisoner, better evidence of legislative intent, than a resort to other portions of the Code to ascertain it. The general rule is, that an answer must be served within twenty days, as section 421 directs, but when an order of arrest is made, the exception created by section 566 applies, and the twenty days in which the answer is to be served begin to run after the service of the order of arrest, and not from the date of the service of the summons and complaint, and so the section explicitly declares. The reason for this is obvious, and its statement brings us to the next answer to the plaintiff's construction, which is :

*Second.* When no order of arrest has been procured, the defendant may be unwilling to incur the cost of a defense of the action. When, however, the arrest has been made under an order, his or her situation to the action is changed, and

Clady agt. Wood.

such changed condition may make a defense necessary, and when the defense has become necessary to give the defendant the ordinary time, twenty days, to make it, the time within which it is made must begin to run from the arrest.

The case of *Barker* agt. *Wheeler* (23 *How. Pr. R.*, 193), is relied upon by the counsel of the plaintiff to sustain their position. In that case, in which an order of arrest was made and judgment docketed on the same day, the court did hold under section 204 of the old Code, that a motion, after judgment, to vacate the order of arrest could not be entertained. It is to be assumed that section 183 of the old Code, the provisions of which are covered by sections 566 and 567 of the present Code, was not then in force (it was not, as the amendment to section 183 was passed April 23, 1862, Laws of 1862, pp. 846, 848, and the order of arrest was September 25, 1861), because judge MULLEN (*see pp.* 196, 197), in delivering the opinion of the court regrets the conclusion to which he came, and states: "A case has occurred which the codifiers did not anticipate, and which requires legislative interference to prevent injustice." The date of the enactment of section 183 of the old Code was, as already stated, April 23, 1862, and the section as amended was not operative so as to affect the action in which judge MULLEN wrote his opinion. If it had been the decision must have been otherwise, for that section (183) declares: " But said order of arrest shall be of no avail, and shall be vacated or set aside on motion, unless the same is served upon the defendant as provided by law, before the docketing of any judgment in the action, and the defendant shall have twenty days after the service of the order of arrest in which to answer the complaint, and to move to vacate the order of arrest, or to reduce the amount of bill." (See in this connection *Pelo* agt. *Clukey*, 36 *How.*, 179, in which by force of section 183, as amended, it was held that a motion to vacate the order of arrest after judgment could be made. See close of opinion of JAMES, *J.*) This is too clear for comment, and its plain and explicit

provisions sustain the view already taken of section 566 of the present Code, which as to the time to answer is a substitute for it and throw light upon the intent of the provision therein made. In fact it is impossible to read either section 183 of the old Code, or sections 566 and 567 of the present, without reaching the conclusion that twenty full days are given to a defendant after arrest, either to answer the complaint, or to move to vacate it.

The answer served should have been accepted. The judgment is irregular and must be vacated. As, however, the practice is somewhat obscure, no costs, to be paid at present, will be imposed, but if the defendant succeeds in the action she shall be allowed to tax as a part of her costs, ten dollars for this motion.